UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FINISHING SOLUTIONS, LLC<br><br>　　　　　　Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Arch Specialty Insurance Company, by way of Complaint against Defendant Finishing Solutions, LLC, states as follows:

## **PARTIES**

1.　Plaintiff Arch Specialty Insurance Company ("Arch") is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

2.　Defendant Finishing Solutions, LLC ("Finishing") is an Alabama limited liability company.  Finishing's members are Jason H. Forrester and Christa Forrester, private individuals who are domiciled in Alabama.

## **JURISDICTION AND VENUE**

3.　The amount in controversy between the parties exceeds $75,000.00.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## COUNT ONE
(Breach of Contract)

5. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6. Arch issued Commercial General Liability Policy No. AGL0021592-03 to Finishing for the effective dates of January 8, 2018 to January 8, 2019 (the "Policy").

7. The Policy is an insurance contract providing insurance coverage for certain liabilities of Finishing, as set forth in the Policy, in exchange for premiums.

8. Arch fulfilled its contractual obligations and provided coverage under the Policy.

9. Pursuant to the Policy's terms, the initial premiums were based on information submitted by Finishing and/or its insurance agent/broker on Finishing's behalf regarding Finishing's estimated exposure for the effective dates of coverage.

10. Because initial premiums are based on estimated information, the Policy is subject to audit based on the actual exposure during the effective dates of coverage. The audit can result in additional premiums due to the insurer from the insured, or return of premiums due to the insured from the insurer.

11. The audit of the Policy resulted in an additional premium of at least $71,407.00 owed by Finishing to Arch (the "Additional Premium").

12. Finishing failed and refused to remit payment of the $71,407.00 owed to Arch pursuant to the terms of the Policy.

13. Arch billed and/or issued demands for payment for the outstanding amount to Finishing in a timely fashion.

14. Finishing is also obligated to pay a Alabama Surplus Lines Tax equal to 6% of the Additional Premium ("Alabama Tax").

15. The total Alabama Tax for the Additional Premium equal $4,284.42.

16. Prior to filing the instant litigation, Arch demanded payment of the Additional Premium owed by Finishing and attempted to collect the same without success.

17. Through its failure and refusal to remit payment of the Additional Premium, along with Alabama Tax, Finishing breached its contract with Arch, *i.e.* the Policy.

18. Finishing has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in the amount no less than $75,691.42 plus interest, attorney's fees and litigation costs.

**WHEREFORE**, Arch demands judgment against Finishing in an amount no less than $75,691.42, together with, interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
(Unjust Enrichment)

19. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 18 as if fully set forth herein.

20. Arch has provided insurance coverage and related services to Finishing for which Finishing has refused to pay and has been unjustly enriched thereby.

21. Arch repeatedly has demanded that Finishing remit payment of the amount due and owing to Arch.

22. Finishing has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby unjustly enriching Finishing and causing Arch to suffer damages in an amount no less than $75,691.42, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against Finishing in an amount no less than $75,691.42, together with, interest, attorney's fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
(Account Stated)

23. Arch repeats, restates and realleges the allegation of Paragraphs 1 through 22 as if fully set forth herein.

24. Finishing, being indebted to Arch upon an account stated between them, promised to pay Arch the amount owed on demand.

25. Arch repeatedly has demanded that Finishing remit payment for the amount owed to Arch. Finishing, however, has failed and refused to remit payment.

26. Finishing's failure to pay the balance due and owing to Arch has caused Arch to suffer damages in an amount no less than $75,691.42, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against Finishing in the amount of no less than $75,691.42, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Arch Specialty Insurance Company demands trial by jury in this action of all issues so triable.

Dated: March 3rd, 2025.

Respectfully submitted,

*/s/ George L. Morris, IV*
George L. Morris, IV (MOR145)
Taylor A. Johnson (JOH272)
Phelps Dunbar LLP
2025 3rd Avenue North
Suite 1000
Birmingham, Alabama 35203
(205) 716-5239
george.morris@phelps.com
taylor.johnson@phelps.com
Attorneys for Arch Specialty Insurance Company